NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ASIA PULP & PAPER TRADING (USA) INC. | : : : : | |
| Plaintiff, | : : | Civil No. 04-4921 (AET) |
| v. | : : | **MEMORANDUM & ORDER** |
| INNOVATIVE CONVERTING, INC. | : : | |
| Defendant. | : : | |

THOMPSON, U.S.D.J.

This matter comes before the Court upon Plaintiff Asia Pulp & Paper Trading (USA), Inc.'s Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56. The Court has decided this motion after reviewing the submissions of the parties and hearing oral argument on June 13, 2006. For the following reasons, Plaintiff's motion is denied. Further, it is ordered that Defendant Innovative Converting, Inc. amend its Answer as directed herein.

BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in California. Plaintiff has an office in Holmdel, New Jersey where it receives sales orders for bulk paper, including the sales orders at issue in this case. Defendant is organized under the laws of Canada, and has a production facility in Hammond, Louisiana. Defendant purchases bulk rolled paper, cuts and packages it for use as copier and printer paper, and sells it to retailers and commercial customers.

On November 19, 2001, and again on February 25, 2002, Defendant submitted orders to Plaintiff's Holmdel office for paper purchases totaling $128,750.85 (the "Invoiced Amount"). Defendant received and processed the paper for use in copiers and printers.  Shortly after Defendant started shipping the processed paper, a major customer of the Defendant reported that the paper curled and wrinkled, causing it to jam the customer's machines.  Defendant examined the paper, confirmed the curling and wrinkling problems, and notified the Plaintiff of the problem in December 2001.  Plaintiff's representatives visited Defendant's Hammond facility in late January and early February 2002, where they inspected the paper and confirmed that it was defective.

Defendant concluded that it was not economically feasible to recover the paper from its customers or return its stock to Plaintiff.  Defendant never paid Plaintiff for the nonconforming paper, and Plaintiff subsequently brought this action, pursuant to N.J. Stat. Ann. § 12A:2-709 (West 2004), for payment of the Invoiced Amount.

## SUMMARY OF ARGUMENTS

Plaintiff claims that it is entitled to summary judgment on its claim for the Invoiced Amount because Defendant "accepted" the paper and failed to pay the Invoiced Amount.  N.J. Stat. Ann. § 12A:2-709(1) reads, in pertinent part, "[w]hen the buyer fails to pay the price as it becomes due the seller may recover . . . the price (a) of goods accepted . . . ."  The Defendant admits that Defendant "accepted" the paper, however the Defendant further alleges that it revoked its acceptance.  N.J. Stat. Ann. §§ 12A:2-608; see also 12A:2-709 cmt. ¶ 5 ("'[g]oods accepted' by the buyer under subsection (1)(a) include only goods as to which there has been no justified revocation of acceptance . . . .").  Accordingly, the Plaintiff can prevail on its claim only

if Defendant cannot show that it made a justified revocation of acceptance.

Plaintiff argues that (1) revocation is an affirmative defense that Defendant waived when Defendant did not raise it in its Answer, and (2) Defendant cannot allege facts that would show that it made an effective revocation of acceptance because (a) it cannot show that it was reasonably induced to accept the paper because of the difficulty in discovering the defect, and (b) Defendant substantially changed the paper, which bars Defendant from revoking its acceptance.

## DISCUSSION

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Summary judgment is to be granted against the non-moving party when that party has failed to make a sufficient showing, after discovery, establishing an element of her claim that is essential to her case, and on which the non-moving party will bear the burden of proof at trial. Id. In reviewing motions for summary judgment, the evidence is viewed in a light most favorable to the nonmovant. InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003).

1.   Is Defendant Barred From Raising a Defense of Revocation of Acceptance?

Plaintiff argues that revocation of acceptance is an affirmative defense that must be pleaded, or else it is waived. See Clark Oil Trading Co. v. Amerada Hess Trading Co., No. 90-Civ-1856, 1993 WL 300039, at *9 (S.D.N.Y. Aug. 4, 1993) (citing Solar Kinetics Corp. v. Joseph T. Ryerson & Son, Inc., 488 F. Supp. 1237, 1250 n.16 (D. Conn. 1980) and Allis-Chalmers Corp. v. Sygitowicz, 571 P.2d 224, 225 (Wash. Ct. App. 1977)). Defendant has not pleaded revocation of acceptance in its Answer.

Affirmative defenses may be raised for the first time in summary judgment motions if the opposing party is not prejudiced.  See, e.g., Eddy v. V.I. Water & Power Auth., 256 F.3d, 204, 209 (3d Cir. 2001); Kleinknecht v. Gettysburg College, 989 F.2d 1360, 1374 (3d Cir. 1993). Prejudice exists where the new claim (or affirmative defense) (1) requires Plaintiff to expend significant additional resources to conduct discovery and prepare for trial; (2) significantly delays resolution of the dispute; or (3) prevents Plaintiff from bringing a timely action in another jurisdiction.  Long v. Wilson, 393 F.3d 390, 400 (3d Cir. 2004).  In this case, Plaintiff is not prejudiced by the failure to plead because the facts put Plaintiff on notice that Defendant would claim revocation of acceptance; Plaintiff addressed revocation in its Reply Brief; and discovery is still open and ongoing.  Further, Plaintiff has not argued that it would be prejudiced.  The Court will order Defendant to amend its Answer to include revocation of acceptance as an affirmative defense.

2.   Can Defendant Prove that It Made A Proper Revocation of Acceptance?

In order to have effectively revoked acceptance, Defendant must show (1) that the paper was nonconforming; (2) that the nonconformity or defect substantially impaired the value to the Defendant; (3) if the Defendant did not know of the defect, that it was reasonably induced to accept the paper because of the difficulty in discovering the defect before acceptance; and (4) that there was not a substantial change in the paper not caused by the defect.  Gen. Motors Acceptance Corp. v. Jankowitz, 523 A.2d 695, 705 (N.J. Super. Ct. App. Div. 1987).  Plaintiff argues that Defendant cannot prove the latter two elements, therefore Defendant cannot show that it effectively revoked its acceptance pursuant to N.J. Stat. Ann. § 12A:2-608.

   a.  Was Defendant reasonably induced to accept by the difficulty in discovering the defect?

Plaintiff alleges that Defendant has not brought forward evidence that would permit a trier of fact to find that the Defendant acted reasonably when it accepted without knowledge of the defect. Whether a buyer was reasonably induced to accept because the defect was latent is ordinarily a question of fact. See Mobilificio San Giacomo S.p.A. v. Stoffi, No. 96-415, 1998 WL 125536 at *7 (D. Del. Jan. 29, 1998) (citing Massarri v. Accurate Bushing Co., 85 A.2d 260, 265 (N.J. 1952)); see also L. Lawrence, 4 ANDERSON ON THE UNIFORM COMMERCIAL CODE, § 2-608:39 (3d ed. 1997). Plaintiff's contention that Defendant could have discovered the defect upon reasonable inspection requires a factual determination. Thus, a genuine issue of material fact still exists and Defendant is not obligated to bring forward additional evidence at this time.

   b.  Is Defendant precluded from arguing revocation of acceptance because it substantially changed the goods?

U.C.C. § 2-608(2)[1] provides that a buyer cannot revoke acceptance after it has caused the goods to undergo a "substantial change" not otherwise attributable to the defect. See Intervale Steel Corp., 578 F. Supp. 1081, 1087 (E.D. Mich. 1984); Western Paper Co. v. Bilby, 783 P.2d 980, 982 (Okla. Civ. App. 1989) ("Western Paper"); Toyomenka (America), Inc. v. Combined Metals Corp., 487 N.E.2d 1172, 1174 (Ill. App. Ct. 1985) ("Toyomenka"); see also J. White & R. Summers, UNIFORM COMMERCIAL CODE § 8-4 (4th ed. 1995) ("If the buyer . . . effects a substantial change to the goods unwittingly, revocation may not be available."). But see Roy Burt Enter., Inc. v. Marsh, 400 S.E.2d 425, 427-28 (N.C. 1991) (no substantial change when

---

[1] N.J. Stat. Ann. § 12A:2-608 is identical to Section 2-608 of the Uniform Commercial Code, as are the statutes adopted by other states. Hereinafter, citations will be made to the U.C.C.

defect undiscoverable except through use of product).

Plaintiff relies on Toyomenka and Western Paper, which are factually similar to the case at bar. In both cases, the material delivered to the buyer was nonconforming, the buyer had processed the material, and the nonconformity became apparent only after processing. Toyomenka, 487 N.E.2d at 1173; Western Paper, 783 P.2d at 981-82. However, in each case, and in Intervale Steel, supra, it was the buyer's alteration of the goods that caused them to be unsalvageable. Toyomenka, 487 N.E.2d at 1174; Western Paper, 783 P.2d at 982; Intervale Steel Corp., 578 F. Supp. at 1087. Comment 6 to U.C.C. § 2-608 (and cases interpreting it) state that the purpose of U.C.C. § 2-608(2) is to protect the seller. See, e.g., J.F. Daley Int'l, Ltd. v. Midwest Container & Indus. Supply Co., 849 S.W.2d 260, 265 (Mo. Ct. App. 1993) (holding that substantial change provision protects seller from changes that deteriorate the value of the goods); Village Mobile Homes v. Porter, 716 S.W.2d 543 (Tex. Ct. App. 1986) (same); see also Roy Burt Enter., Inc., 400 S.E.2d at 428 (finding no substantial change when fertilizer was contaminated prior to use). The commentary further provides that "[w]orthless goods . . . need not be offered back," U.C.C. § 2-608 cmt. ¶ 6 (2001), and in one case it was suggested that worthlessness is a material fact that must be found or stipulated when goods have not been returned to the seller. Roy Burt Enter., Inc., 400 S.E.2d at 428-29 (Meyer, J., concurring). In sum, the commentary suggests that a seller's surviving financial interest in goods must be protected by a revoking buyer, but if the goods were worthless due to the defect, there is no financial interest to protect. Id.; see also Warren v. Guttanit, Inc., 317 S.E.2d 5, 11 (N.C. Ct. App. 1984) (holding that statute does not apply to goods that were defective prior to substantial change). In this case, a genuine issue of material fact exists as to the value of the unprocessed

paper, the resolution of which bears on whether the Defendant can meet its burden to prove revocation of acceptance.  Accordingly, summary judgment cannot be granted.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this  21st  day of June, 2006,

ORDERED that Plaintiff's Motion for Summary Judgment [11] is DENIED; and it is further

ORDERED that within ten (10) days from entry of this Order, Defendant shall amend its Answer to include revocation of acceptance as an affirmative defense, serve a copy of its Amended Answer on the Plaintiff, and file a copy with this Court.

        /s/  Anne E. Thompson
    ANNE E. THOMPSON, U.S.D.J.