NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| ASIA PULP & PAPER TRADING (USA) INC. | : : : : | |
| Plaintiff, | : : | Civil No. 04-4921 (AET) |
| v. | : : | **MEMORANDUM & ORDER** |
| INNOVATIVE CONVERTING, INC. | : : | |
| Defendant. | : : | |

THOMPSON, U.S.D.J.

    This matter comes before the Court upon Plaintiff Asia Pulp & Paper Trading (USA), Inc.'s Second Motion for Partial Summary Judgment pursuant to Fed. R. Civ. P. 56. The Court has decided this Motion after reviewing the submissions of the parties and without oral argument pursuant to Fed. R. Civ. P. 78. For the following reasons, Plaintiff's Motion is denied.

### BACKGROUND

    This matter stems from Defendant's purchase of rolled paper from Plaintiff, which Defendant cut and packaged as copy paper. After receiving paper from Plaintiff that both parties confirmed to be defective, Defendant never paid Plaintiff for the nonconforming paper. Plaintiff subsequently brought this action, pursuant to N.J. Stat. Ann. § 12A:2-709, for payment of the amount due under its invoices. Defendant countersued for damages arising from its attempted use of the paper and the resulting costs and losses.

    Plaintiff previously sought partial summary judgment for payment of the invoiced amount

of the paper, however, this Court found that genuine issues of material fact remained, thus, summary judgment was not appropriate.  The Court further ordered Defendant to amend its answer to allege revocation of acceptance.  Plaintiff conducted further discovery and now brings this Motion based on additional facts established.

## DISCUSSION

This Court previously stated that Plaintiff could prevail on its claim if Defendant could not show that its revocation of acceptance was justified.  Plaintiff argues that the paper had "value" as scrap, and thus, was not "worthless" within the meaning of the Uniform Commercial Code. (Pl's Br. Supp. Mot. for Partial Summ. J. at 13.)  Defendant counters that "simply because the paper had value as 'scrap paper' does not negate the fact that the paper was 'worthless' for its intended use as copy paper." (Def.'s Br. Opp'n to Pl.'s Mot. for Partial Summ. J. at 6.)

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56; Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Summary judgment is to be granted against the non-moving party when that party has failed to make a sufficient showing, after discovery, establishing an element of her claim that is essential to her case, and on which the non-moving party will bear the burden of proof at trial.  Celotex Corp., 477 U.S. at 322.  In reviewing motions for summary judgment, the evidence is viewed in a light most favorable to the non-moving party. InterVest, Inc. v. Bloomberg, L.P., 340 F.3d 144, 159-60 (3d Cir. 2003).

Section 2-608(2) of the Uniform Commercial Code ("U.C.C.")[1] provides that a buyer

---

[1] N.J. Stat. Ann. § 12A:2-608 is identical to Section 2-608 of the U.C.C., as are relevant statutes adopted by many other states.  Hereinafter, citations will be made to the U.C.C.

cannot revoke acceptance after it has caused the goods to undergo a "substantial change" not otherwise attributable to the defect.  See Intervale Steel Corp. v. Borg Warner Corp., 578 F. Supp. 1081, 1087 (E.D. Mich. 1984); Western Paper Co. v. Bilby, 783 P.2d 980, 982 (Okla. Civ. App. 1989); Toyomenka (America), Inc. v. Combined Metals Corp., 487 N.E.2d 1172, 1174 (Ill. App. Ct. 1985); see also James J. White & Robert S. Summers, Uniform Commercial Code § 8-4 (4th ed. 1995) ("If the buyer . . . effects a substantial change to the goods unwittingly, revocation may not be available.").  But see Roy Burt Enters., Inc. v. Marsh, 400 S.E.2d 425, 427-28 (N.C. 1991) (finding a material question of fact as to substantial change when the defect was undiscoverable without difficulty except through use of product).

      The apparent question posed to the Court by the parties is whether goods are "worthless" as a matter of law if they have salvage value.  Comment six to U.C.C. § 2-608 provides that "[w]orthless goods . . . need not be offered back."  U.C.C. § 2-608 cmt. 6 (2001).  It follows that, if the paper was worthless, Defendant's processing of the paper would have no effect on Plaintiff-seller's financial interest in it.  In the parties' submissions regarding Plaintiff's first motion for partial summary judgment, no evidence was offered as to the value of the paper.  Thus, the Court found that a genuine issue of material fact existed as to the value of the nonconforming paper.  Plaintiff now offers evidence to show the paper in question had "value" as scrap paper, and that Defendant in fact realized this value when it sold the paper as scrap.  Plaintiff cites cases in support of the premise that goods with "salvage value" are not "worthless" within the meaning of U.C.C. § 2-608 cmt. 6 as a matter of law.  Defendant cites cases arising in other contractual contexts that found goods with no value other than salvage value to be "worthless."

3

Both sides miss the point: The "purpose behind not allowing [a] change in [the] goods other than from their own defect is to provide seller [an] opportunity to repair and resell [the] goods." Intervale Steel Corp, 578 F. Supp. at 1087 n.20 (citing Stroh v. Am. Recreation & Mobile Home Corp., 530 P.2d 989 (Colo. Ct. App. 1975)).  It is axiomatic that "worthless" goods are those that the seller could (or would) not use anymore, therefore, comment six provides that such goods need not be offered back.  Roy Burt Enter., 400 S.E.2d at 427-28. Plaintiff argues that Defendant's disposal of the paper, and its receipt of the paper's scrap value, proves that the paper was not "worthless" within the meaning of comment six.  Assuming that Plaintiff is correct, it still has not established that it sought to recover the nonconforming paper or the value thereof.

A buyer who revokes acceptance has the same rights and duties with regard to the goods involved as if he had rejected them.  U.C.C. § 2-608(3); see Fablok Mills, Inc. v. Coker Mach. & Foundry Co., 310 A.2d 491, 494 (N.J. Super. Ct. App. Div. 1973).  If the seller gives no instructions, the buyer may store, return, or resell the goods for the seller's account, and such action does not constitute acceptance.  U.C.C. § 2-604; Fablok Mills, 310 A.2d at 494.  Although Plaintiff submits evidence to suggest that Defendant would not have returned the paper had Plaintiff sought to recover it, and this evidence is not contradicted by Defendant, the original pleadings along with the declarations submitted by both sides in support of their briefs show that the issues of whether Plaintiff did seek to recover the paper, and whether Defendant did or would have offered to return it, are not settled.   Further, the deposition testimony submitted by both sides as exhibits to their respective briefs suggests that some of the nonconforming paper may not have been processed.  This calls into question Plaintiff's chief assertion that Defendant could

4

not revoke acceptance because it had processed the paper. These facts must be established before the Court may accept the premise that Defendant acted unreasonably with respect to Plaintiff's financial interest in the paper, if any, when it sold the paper for scrap.

## CONCLUSION

For the foregoing reasons, and for good cause shown,

IT IS on this 9th day of March, 2007,

ORDERED that Plaintiff's Motion for Partial Summary Judgment [27] is DENIED.

s/ Anne E. Thompson<br>
ANNE E. THOMPSON, U.S.D.J.